Hillsborough
No. 86-206

# Paula D. Richard

## v.

# Nelson MacAskill & a.

June 5, 1987

Joanne Green, assistant appellate defender, of Concord, by brief and orally, for the plaintiff.

Stephen E. Merrill, attorney general (Kathleen A. McGuire, assistant attorney general, on the brief and orally), for the defendant.

SOUTER, J. By petition for writ of habeas corpus, the plaintiff challenges the validity of a 1985 shoplifting conviction, resting on a plea of *nolo contendere* which, she claims, was not knowing or voluntary. The Superior Court (*Dickson*, J.) dismissed the petition. We vacate the dismissal order and remand.

In 1984 the plaintiff received a suspended sentence for fraudulent use of a credit card. By complaint filed in April, 1985, she was charged with shoplifting, to which she pleaded *nolo contendere* in return for the State's agreement that it would not seek imposition of the 1984 sentence, and would recommend a one thousand dollar fine and a further suspended sentence of twelve months on the new charge. The Manchester District Court (*Capistran*, J.) accepted the plea, found the present plaintiff guilty, and sentenced her in accordance with the recommendation.

In December, 1985, the plaintiff was charged under a second shoplifting complaint filed in the same court. She was found guilty after trial before Capistran, J., and received another sentence of twelve months suspended plus a one thousand dollar fine. The suspended sentence on the prior shoplifting conviction was brought forward, however, and she was ordered to serve six months thereunder.

The plaintiff then moved to vacate the first shoplifting conviction. When Capistran, J., denied the motion, the plaintiff filed both a notice of appeal in this court and a petition for writ of habeas corpus in the superior court. We declined to accept the appeal from the Manchester District Court pending completion of the habeas proceeding in the superior court.

As grounds for vacating the conviction, the habeas petition alleges inadequate assistance of counsel, failure of the police to honor certain terms of the plea agreement, failure of the police to disclose that they had lost or destroyed evidence, and the unknowing and involuntary character of the nolo plea upon which the conviction rests. In the plaintiff's testimony at the evidentiary hearing, she

claimed that the plea was involuntary and unknowing because she had not understood that she would have been entitled to a trial if she had chosen to plead not guilty.

The superior court denied relief and disposed of the claim that the plea was unknowing and involuntary by finding that "the requirements of *Boykin v. Alabama*, [395 U.S. 238] (1969) have been minimally met." (As the citation to *Boykin* implies, both the parties and the trial court have assumed that a plea of *nolo contendere* is functionally equivalent to a plea of guilty, with which *Boykin* was concerned. We will proceed on the same assumption, but without warranting its soundness. *See North Carolina v. Alford*, 400 U.S. 25, 35–36 n.8 (1970)).

The plaintiff appeals insofar as the petition was denied on the basis of compliance with *Boykin*. We conclude that the record does not support that finding, that compliance or non-compliance with *Boykin* is not alone dispositive of the plaintiff's right to relief, and that the trial court's order may not be interpreted as implying the findings necessary to support dismissal of the petition.

The plaintiff does not now claim that she is entitled to relief merely on showing that the record of her plea fails to comport with the holding of *Boykin v. Alabama supra*. Our analysis starts with *Boykin*, nevertheless, because compliance or not with its standards does determine which party must bear the burden of proof in litigating whether the plaintiff's plea was knowing and voluntary.

■ For the purpose of review on direct appeal, *Boykin* requires an affirmative showing on the record that a criminal defendant's plea of guilty was entered voluntarily and with knowledge that its entry waived the privilege against compelled self-incrimination and the rights to be tried by jury and to confront adverse witnesses. *Boykin*, 395 U.S. at 242–43; *St. Pierre v. Vitek*, 114 N.H. 766, 769, 330 A.2d 117, 119 (1974); *Roddy v. Black*, 516 F.2d 1380, 1383–84 (6th Cir.), *cert. denied*, 423 U.S. 917 (1975). Without a record of the trial court's inquiry into the voluntary and knowing character of a defendant's decision, acceptance of his plea will be treated as plain error. *Boykin*, 395 U.S. at 242.

■■ On collateral, rather than direct, attack upon a criminal conviction, however, the claim of an inadequate record in violation of *Boykin* is not, without more, a predicate for review, and proof of such a violation does not, standing alone, require that a conviction be vacated. *State v. Desbiens*, 117 N.H. 433, 436–37, 374 A.2d 651, 652–53 (1977); *Todd v. Lockhart*, 490 F.2d 626, 627–28 (8th Cir. 1974). Rather, the issue is "whether the plea represented a voluntary and intelligent choice among the alternative courses of action open

to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31 (1970); *State v. Desbiens, supra* at 437, 374 A.2d at 653. A criminal defendant seeking to vacate a guilty plea and conviction on collateral review must allege, therefore, that his plea was not voluntary or intelligent. He must describe "the specific manner in which the plea was in fact involuntary or without understanding," *State v. Desbiens, supra* at 437, 374 A.2d 653, and must at least go forward with evidence sufficient to indicate that his specific claim presents a genuine issue for adjudication. *See State v. Desbiens, supra* at 435, 374 A.2d at 652.

■ It is at this point in collateral review that compliance with *Boykin* becomes important. If *Boykin* is satisfied by a record indicating that the trial court affirmatively enquired into the defendant's volition in entering the plea and into his appreciation of those consequences emphasized in the *Boykin* opinion, and if there is thus a basis on the face of the record for the original court's conclusion that the plea was voluntary and knowing, the criminal defendant will bear the burden to demonstrate by clear and convincing evidence that the trial court was wrong and that his plea was either involuntary or unknowing for the reason he specifically claims. *See Roy v. Perrin,* 122 N.H. 88, 97, 441 A.2d 1151, 1157 (1982); *State v. Laroche,* 117 N.H. 127, 131, 370 A.2d 631, 634 (1977).

■ It is otherwise, however, if the record of the defendant's plea does not meet *Boykin* standards. If there is no record or an inadequate record of the trial court's enquiries into the defendant's volition and knowledge, the burden rests on the State, *State v. Desbiens, supra* at 437, 374 A.2d at 653, to respond to the defendant's claim by demonstrating to a clear and convincing degree, *Roddy v. Black,* 516 F.2d at 1384, that the plea was voluntary or knowing in the respect specifically challenged. *See Todd v. Lockhart,* 490 F.2d at 627–28; *McChesney v. Henderson,* 482 F.2d 1101, 1107–09 (5th Cir. 1973), *cert. denied,* 414 U.S. 1146 (1974).

In applying these standards here it is apparent, first, that the plaintiff failed to satisfy the minimal requirements of pleading discussed above. Her petition alleges merely that her plea was not "knowingly, intelligently or voluntarily entered with the effective assistance of counsel, as shown from plain face of the record below." The plaintiff thus erroneously assumed that a mere allusion to an inadequate *Boykin* record would state a claim for collateral relief, and she failed to specify how the plea was supposed to have been involuntary or unknowing. It was therefore within the superior court's discretion to dismiss the claim, or to decline to address it

until the plaintiff had amended it in satisfaction of *Desbiens*. The superior court, however, as well as counsel for the State, regarded the petition as effectively amended by the plaintiff's testimony that her plea was unknowing due to ignorance of her right to a trial, which she could have claimed by a plea of not guilty and which she waived by her plea of *nolo contendere. See Boykin*, 395 U.S. at 243. We will treat the petition as amended accordingly.

It is apparent, next, that the Manchester District Court did not satisfy the *Boykin* standards by providing a record adequate to indicate that the plea was knowing and voluntary. While no one particular form of procedure is necessary under *Boykin, State v. Beaulieu*, 115 N.H. 483, 485, 344 A.2d 3, 4 (1975), misdemeanor pleas are as much subject to its requirements as pleas in felony cases. Because district courts provide no stenographic records, this obligation to make a *Boykin* record presents a practical choice between making a tape recording of a plea or using a written waiver-of-rights form. Yet this is the second case in recent years to reveal to us that the Manchester District Court has made neither a taped nor a written record. *See State v. Harper*, 126 N.H. 815, 820, 498 A.2d 310, 314 (1985).

The district court's silent record does not exhaust the indications of *Boykin* deficiencies, however, for the evidence introduced at the superior court habeas hearing is devoid of any suggestion that the district court conducted even a minimal *Boykin* enquiry. There was uncontradicted testimony from the plaintiff that she was at the defense table in the front of the courtroom for only three to five minutes and that the judge asked her no questions. Her then defense counsel testified that as soon as negotiations at the bench had resulted in a plea agreement that left his client free to walk out of the courtroom, "we just put that through, bang, as fast as we could. . . . I walked back to [the plaintiff and her mother] and told them, 'Hey, let's get out of here while we can.'" There is thus no record of evidence to support the superior court's conclusion that the *Boykin* requirements were met.

As we have seen, however, the violation of *Boykin* did not entitle the plaintiff to relief on this collateral attack. It simply left the State with the burden to demonstrate to a clear and convincing degree that when the plaintiff entered her plea she understood that she had a right to insist on a trial, and ultimately a jury trial before the superior court.

The superior court did not, however, go so far as to find expressly that the plaintiff did understand her right to a jury trial and the consequent waiver of that right by entering the plea of *nolo*

*contendere.* Nor can we infer an implicit finding to that effect from the court's order of dismissal. The court was correct, to be sure, in its general statement that a plea must rest, not on conformance with a particular ritual, but on the knowledge and volition of the criminal defendant who enters it. Because, however, the court proceeded to address this issue by the unsupported finding that the *Boykin* standards had been satisfied, any tacit suggestion about the plaintiff's knowledge when entering the plea was fraught with ambiguity.

We therefore remand to the superior court for a further evidentiary hearing to determine whether the State can satisfy its burden of demonstrating to a clear and convincing degree that when the plaintiff entered her nolo plea she knew that she could have insisted on a trial and, as we saw above, ultimately a jury trial in the superior court.

*Vacated and remanded.*

All concurred.