Hillsborough-northern judicial district
No. 94-458

## THE STATE OF NEW HAMPSHIRE

v.

## JONATHAN S. ZANKOWSKI

October 6, 1995

HORTON, J. The defendant, Jonathan Zankowski, was convicted of driving while intoxicated (DWI), subsequent offense, RSA 265:82, :82-b (1993), after a bench trial in Superior Court (*Barry*, J.). On appeal, he argues that the trial court erred by admitting evidence of his prior DWI because the record is silent as to whether he

knowingly and voluntarily waived his right to a jury trial on the prior conviction. For the purpose of this appeal only, we assume, without deciding, that the defendant can mount a collateral attack on his prior conviction at the trial on the subsequent charge. We affirm.

▮ The finding of guilt on the defendant's prior charge for DWI was entered pursuant to District and Municipal Court Rule 2.14, which states:

> In all prosecutions for misdemeanors and violations, the Court, in its discretion, may allow the defendant, upon advice of counsel, to plead not guilty, waive the presentation of evidence by the State, and the presentation of his defense. The Court shall require the prosecution to make an offer of proof. The Court may then find the defendant guilty and impose sentence. The defendant may then appeal to the Superior Court.

Rule 2.14 permits an expedited appeal to superior court for a jury trial *de novo*, but its discretionary language does not require the defendant to pursue such an appeal.

Upon advice of counsel, the defendant proceeded under Rule 2.14, and, somewhat at odds with the rule, admitted to facts sufficient for the district court to enter a finding of guilt. For reasons not reflected in the record, the defendant did not appeal to superior court and served the sentence ordered by the district court. Subsequently, the defendant was charged again with DWI. At trial, the State introduced the defendant's prior conviction for the purpose of enhancing the penalty pursuant to RSA 265:82-b, I(b)(1). The defendant objected, arguing that the prior conviction was invalid because the State could not show that he knowingly and voluntarily waived his constitutional right to a jury trial. The defendant, however, never alleged that he was unaware of this right or that his waiver was unknowing or involuntary; he merely argued that the record was silent.

The defendant relies primarily on *State v. Hewitt*, 128 N.H. 557, 517 A.2d 820 (1986). Applying the principles of *Boykin v. Alabama*, 395 U.S. 238 (1969), we there held, in the context of a direct appeal from a guilty verdict by an eleven-person jury, that a trial court must elicit from a defendant a personal acknowledgement to ensure that a waiver of the right to a jury of twelve persons was both knowing and voluntary. *Hewitt*, 128 N.H. at 561, 517 A.2d at 822-23. We reversed based on an insufficient record. *Id.* at 561, 517 A.2d at 823. Even if we were to hold that *Hewitt* applies in a situation where

a defendant fails to appeal a Rule 2.14 conviction, a decision we do not reach, the defendant would not prevail.

■ The procedural posture of an appeal determines which party bears the burden of proof in the determination of whether a waiver of a right to a jury trial was knowing and voluntary. *Richard v. MacAskill*, 129 N.H. 405, 407, 529 A.2d 898, 900 (1987). On a direct appeal from a guilty plea, failure of the trial court to engage in an on-the-record colloquy to ensure that a criminal defendant's waiver of a right to a trial by jury was made knowingly and voluntarily is plain error requiring reversal. *Id.* "On collateral, rather than direct, attack upon a criminal conviction, . . . the claim of an inadequate record in violation of *Boykin* is not, without more, a predicate for review, and proof of such a violation does not, standing alone, require that a conviction be vacated." *Id.* at 408, 529 A.2d at 900. To vacate a conviction on collateral review the defendant must allege that the waiver of his right was not voluntary or not knowing. *Id.* A silent record alone is insufficient to require reversal on collateral attack. The defendant "must describe the specific manner in which the [waiver] was in fact involuntary or without understanding, and must at least go forward with evidence sufficient to indicate that his specific claim presents a genuine issue for adjudication." *Id.* (citation and quotation omitted). Once the defendant has met this burden of pleading and going forward with evidence, the State must demonstrate that the waiver was voluntary and knowing in the respect specifically challenged. *Id.*

■ The defendant did not claim that he was unaware of his right to a jury trial or that he did not forgo his appeal voluntarily; he claimed only that the record did not show that he knowingly and voluntarily waived his right to a jury trial. Accordingly, we hold that he has failed to meet his burden on collateral attack and affirm.

*Affirmed.*

BROCK, C.J., and THAYER, J., concurred in the result only; the others concurred.