Kent v. State of New Hampshire        CV-96-274-M    04/10/97
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Raymond Kent,
      Petitioner

      v.                                    Civil No. 96-274-M

State of New Hampshire,[1]
      Respondent


                            O R D E R


      Raymond Kent petitions for a writ of habeas corpus pursuant

to 28 U.S.C.A. § 2254 seeking release from the New Hampshire

State Prison where he is serving a state sentence for the sale of

cocaine.  He asserts that he is not guilty of the cocaine

offense, and that his guilty plea was coerced by his attorney in

violation of his constitutional rights.  For the reasons that

follow, his petition is denied.


                          **BACKGROUND**


      Petitioner was indicted on two counts of selling a

controlled drug:  one count for the sale of heroin and one for

_____

      [1]  Although petitioner named the State of New Hampshire as
respondent, the petition is to be directed to the "state officer
having custody of the applicant."  Rule 2(a) of the Rules Governing
§ 2254 Cases.  Accordingly, Michael Cunningham, Warden of the New
Hampshire State Prison, where Kent is in custody, is the proper
respondent.

the sale of cocaine. On April 26, 1989, acting through counsel, Kent filed notice of his intent to plead guilty to both counts under the terms of a negotiated plea agreement and, under the final plea agreement, a suspended sentence of four to eight years on the cocaine charge.

At his plea and sentencing hearing, held on June 9, 1989, Kent acknowledged his guilt and pled guilty to the count alleging sale of heroin, but asserted that he had not sold cocaine, as charged, and refused to plead guilty to that charge. A discussion ensued among Kent's counsel, the prosecutor, and the state court judge. Kent's counsel offered to enter a "naked" plea (without an agreement) on the heroin charge, but the prosecutor refused to drop the cocaine count and go forward on Kent's plea to the heroin charge alone. The hearing was recessed while Kent's counsel met with him to discuss the situation. When the hearing resumed, Kent entered pleas of guilty to both charges and was sentenced to two to four years in the state prison on the heroin charge, and four to eight years, suspended, on the cocaine charge (consecutive to the heroin sentence), which was consistent with the negotiated plea agreement.

Kent filed a motion to withdraw his guilty plea on the cocaine charge in August of 1990. The state court appointed

2

counsel to represent him in October, but his motion remained pending without action.

In 1994, while on parole from his prison sentence on the heroin count, Kent was arrested in Maine and later pled guilty to trespassing and theft. As a result of that conviction, his suspended sentence on the cocaine charge was brought forward for execution. Kent again moved to withdraw his guilty plea to the cocaine charge. The state court held a hearing on his motion in September of 1994. At that hearing Kent testified that when he met with his counsel during the plea and sentencing hearing, she told him that the negotiated plea agreement offered by the state on both the heroin and cocaine charges was the best deal she could arrange for him and that he would likely serve a longer sentence on the heroin charge alone without the negotiated agreement. Although he wanted to go to trial on the cocaine charge, Kent said that he accepted the plea agreement and pled to both charges relying on the advice of his counsel. The state court ruled that Kent failed to demonstrate that his guilty plea to the cocaine charge was not voluntary and intelligent and so denied his motion to withdraw the plea. His subsequent appeal of that decision to the New Hampshire Supreme Court was declined.

Kent, proceeding pro se and in forma pauperis, filed his petition for a writ of habeas corpus in this court on May 20, 1996. The state has filed a motion for summary judgment, and Kent has not filed an objection.

## DISCUSSION

Kent asserts that he was misled and coerced into pleading guilty by his counsel. In particular, Kent contends that his counsel told him that he would serve a longer sentence if he did not plead guilty to both drug charges, and, did not explain that he could go to trial rather than plead guilty.[2] The state argues that the record of Kent's hearings in state court amply support the state court's conclusion that his guilty plea to the cocaine count was both voluntary and intelligent, and on that basis they seek summary judgment.

When an issue raised in a petition for habeas relief has been adjudicated on the merits by the state court, as is the case here,[3] a federal court may grant habeas relief under § 2254 only

_____

[2] Kent does not argue that his counsel's advice was wrong or that she was ineffective in her representation of him through the plea and sentencing hearing.

[3] The state court held a hearing on Kent's motion to withdraw his guilty plea in which he argued that his plea was the result of coercion by his attorney, who did not inform him that he could go

4

if the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d) (as amended by Pub.L. 104-132, Title I, § 104, 110 Stat. 1218 effective April 24, 1996). Kent's petition is necessarily considered in light of those two possible bases for habeas relief.

Under federal law, a guilty plea waives "three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." Parke v. Raley, 506 U.S. 20, 29 (1992). To be valid, therefore, the plea must be the defendant's voluntary, knowing, and intelligent decision, Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238, 242-43

---

to trial on both the cocaine and the heroin charges and that the choice between entering a plea and going to trial was his. The state court concluded that Kent had not carried his burden of proving by clear and convincing evidence that his guilty plea was not voluntary or intelligent. As the New Hampshire Supreme Court declined Kent's notice of appeal, the last reasoned state judgment on the validity of Kent's guilty plea is the superior court's decision on his motion to withdraw that plea. Accordingly, as the issue was not procedurally barred from further review, that decision is the final state court decision. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

5

(1969), that is a "voluntary and intelligent choice among alternative courses of action open to defendant," North Carolina v. Alford, 400 U.S. 25, 31 (1970).

In considering Kent's motion to withdraw his guilty plea, the state trial judge applied the standard provided in Richard v. MacAskill, 129 N.H. 405, 408 (1987), which is also the federal standard. Alford, 400 U.S. at 31. Thus, as the legal standard applied by the state court comported with federal law, Kent is not entitled to habeas relief under the first ground recognized by § 2254(d).

The second possible ground for habeas relief — when the state court's determination is based on an unreasonable application of the facts — requires an examination of the state court's decision in light of the record of the proceedings. After hearing Kent's motion to withdraw his plea, the state court found, "The record of the defendant's plea and sentencing hearing reflects a voluntary and intelligent plea of guilty by the defendant to the sale of cocaine." New Hampshire v. Kent, No. 88-S-860-F, slip op. (N.H. Superior Ct. Sept. 21, 1994). The court then concluded, based on the testimony of Kent's prior counsel and other evidence presented at the hearing on his motion

6

to withdraw, that Kent had not shown by clear and convincing evidence[4] that his plea was not voluntary and intelligent.  Id.

As the state court did not make findings of historical fact[5] to support its conclusion that Kent's plea was the product of a knowing and voluntary waiver of his rights, this court must review the record of that proceeding to determine whether the state court's conclusion was based on a reasonable determination of the facts.  § 2254(d)(2).  A transcript of the evidentiary hearing on Kent's motion to withdraw his guilty plea, which was held on September 21, 1994, is part of the record here.

---

[4]  Under New Hampshire law, when a defendant seeks to vacate his guilty plea through collateral attack and the court that took the plea complied with the Boykin requirement of an affirmative showing on the record that the plea was voluntary and intelligent, the defendant must show by clear and convincing evidence that his plea was not voluntary and intelligent despite the court's earlier determination. Richard v. MacAskill, 129 N.H. 405, 407-08 (1987).

[5]  While the state court's findings of historical fact are presumed to be correct, § 2254(e)(1), legal conclusions and determinations based on mixed questions of law and fact are subject to de novo review. See Thompson v. Keohane, 116 S. Ct. 457, 464-67 (1995); see also Scarpa v. Dubois, 38 F.3d 1, 9 (1st Cir. 1994), cert. denied, 115 S. Ct. 940 (1995).  A state court's conclusion, that a guilty plea was made voluntarily and intelligently is a mixed application of law and fact requiring de novo review. See Marshall v. Lonberger, 459 U.S. 422, 431 (1983); see also Parry v. Rosemeyer, 64 F.3d 110, 113 (3d Cir. 1995), cert. denied, 116 S. Ct. 734 (1996); Wellman v. State of Maine, 962 F.2d 70, 72 (1st Cir. 1992).

Kent and his two former attorneys, Ruth Hall who represented him during his plea and sentencing, and Christopher Regan, who was appointed to represent Kent on the first motion (filed pro se) challenging his plea, testified at the evidentiary hearing. Kent testified that at his plea and sentencing hearing in 1989 he admitted selling heroin as charged but told the court that he had nothing to do with the charged cocaine offense. Kent also said the court called a recess to allow him to meet with his attorney, Ruth Hall, who told him to plead guilty to the cocaine charge because the recommended sentence was only four years of probation. Kent protested that he wanted to go to trial on the cocaine charge because someone else, whom he knew, made the cocaine sale with which he was being charged. Attorney Hall explained, Kent remembered, that if he were tried on the cocaine charge, both the police officer involved and the other person Kent accused of making that sale would testify against him, and, given the other evidence, he was likely to be convicted of the cocaine charge. Then, she told him, he was likely to be sentenced to seven and one-half to fifteen, or even twenty, years in prison. Kent testified that he told her that he wanted to go to trial anyway, but she urged him to take the plea bargain and told him that was the best offer she could get for him. He said

8

that he pled guilty because his attorney told him that was the best deal she could arrange, that he relied on her advice because he did not know the law, and that he also did not realize that the four years of probation[6] could be four to eight years in jail with more probation.

Attorney Hall testified that she was appointed to represent Kent on the two drug charges, that they were planning to go to trial in April of 1989, that the county attorney offered a plea agreement and she sent copies to Kent of each of the letters from the county attorney explaining the proposed agreement. Before Kent accepted the plea agreement, Hall said, she talked with him repeatedly by telephone about the terms of the agreement and his options and he changed his mind several times. She told him that it was his choice whether to plead guilty or go to trial. At the plea hearing, Hall said, Kent initially accepted the plea agreement when she met with him in the conference room prior to the hearing, but then answered "not guilty" to the cocaine charge during the hearing, which surprised her. She did not remember the contents of her conversation with Kent during the recess in the plea hearing.

---

[6] Kent refers to the suspended sentence on the cocaine offense as "probation."

9

Christopher Regan represented Kent in 1990 on a motion Kent filed pro se for a hearing relative to his guilty plea to the cocaine charge. Attorney Regan testified that Kent did not want to go forward on that motion because he was pursuing other legal remedies at the time. The motion was never heard by the state court.

Kent does not contend that his guilty plea was the result of the advice of incompetent counsel, cf. Hill v. Lockhart, 474 U.S. 52, 56 (1985), but instead asserts that his counsel pressured or coerced him into pleading guilty, rendering his plea involuntary. The facts adduced from the evidentiary hearing on his motion to withdraw his plea, however, reasonably support the state court's conclusion that his plea was voluntarily and intelligently given. The "coercion" he complains of seems to be Attorney Hall's advice that the plea agreement, including a guilty plea to the cocaine charge, was the best offer she could obtain, and that he was likely to be convicted of both charges and serve a much longer sentence if he did not accept the plea agreement. Kent also suggests that he did not fully understand the effect of the "probation" sentence on the cocaine charge.

A guilty plea may be voluntary even though the defendant was not informed of, or did not understand, the collateral

10

consequences of his plea.  See Parry, 64 F.3d at 113-15 (sentence imposed following revocation of probation is a collateral consequence that did not render plea involuntary); see also United States v. Campusano, 947 F.2d, 1, 5 (1st Cir. 1991) (prosecution only required to inform defendant of direct consequences of guilty plea).  A defendant's guilty plea to avoid a longer sentence based upon the advice of competent counsel that the plea was in the defendant's interest is also not involuntary. See Alford, 400 U.S. at 31.

As the record does not show that the state court's decision was either legally or factually deficient under the standard described by § 2254(d), Kent is not entitled to federal habeas relief on grounds that his guilty plea was neither voluntarily nor intelligently entered.  Accordingly, summary judgment is appropriate in respondent's favor.

## CONCLUSION

Respondent's motion for summary judgment (document no. 11) is granted.  Kent's petition for a writ of habeas corpus (document no. 1) is denied.  The clerk of court is directed to enter judgment accordingly and close the case.

11

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 10, 1997

cc:  Raymond Kent, pro se
     Patrick E. Donovan, Esq.