Merrimack District Court
No. 2005-208

THE STATE OF NEW HAMPSHIRE

v.

CHRISTOPHER W. ARSENAULT

Argued: January 19, 2006
Opinion Issued: April 25, 2006

*Kelly A. Ayotte*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the brief and orally), for the State.

*Gregory J. Ahlgren*, of Manchester, on the brief and orally, for the defendant.

GALWAY, J. The defendant, Christopher W. Arsenault, appeals an order of the Merrimack District Court (*Michael*, J.) denying his motion to vacate a prior conviction. We reverse.

The parties do not dispute the material facts in this case. In March 2001, Arsenault was charged with driving while intoxicated (DWI) in violation of

RSA 265:82. The complaint alleged that Arsenault drove a motor vehicle upon a way while having an alcohol concentration of .02 or more. Arsenault was under twenty-one years of age at that time. In July 2001, he appeared in court without a lawyer, spoke with someone at the courthouse, and indicated his intention to plead guilty. The person provided Arsenault with an acknowledgment and waiver of rights form, which he signed.

After he signed the acknowledgment and waiver of rights form, Arsenault presented it to the court and the court engaged him in a plea colloquy. The record shows that the colloquy contained no discussion of either the elements or the nature of the offense charged. The trial court sentenced Arsenault to a 120-day loss of license and a fine of three hundred and fifty dollars.

In 2004, Arsenault was arrested for a subsequent DWI offense. In January 2005, he moved to vacate his 2001 DWI conviction, arguing that his guilty plea was not knowingly, intelligently and voluntarily made because the elements of the offense were never explained to him. After a hearing in the trial court, the motion was denied.

On appeal, Arsenault argues that the State had the burden of proving that his plea was knowing, intelligent and voluntary. He asserts that, since the record is devoid of evidence that he was advised of the elements of the charge against him, the trial court could not have found his plea was knowing, intelligent and voluntary.

The State responds that, though the trial court did not advise Arsenault of the elements of DWI, the court could have properly assumed that he was aware of them because he received the complaint and signed the waiver form. Additionally, the State argues that it is the defendant who had the burden of proving that a plea was not knowing, intelligent or voluntary. The State concludes that, even if Arsenault lacked understanding of the elements, the court's error was harmless.

*I. Due Process*

Arsenault's argument that his guilty plea was not knowingly, intelligently and voluntarily made implicates the due process rights guaranteed by the Fourteenth Amendment to the United States Constitution. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). We review constitutional questions of law *de novo*. *In the Matter of Berg & Berg*, 152 N.H. 658, 661 (2005). Because Arsenault did not unambiguously and specifically invoke a provision of the New Hampshire Constitution, we address only his federal claim. *See Appeal of Morgan*, 144 N.H. 44, 46-47 (1999). We note that the State does not challenge the applicability of due process rights in the context of a violation, as opposed to a crime. Accordingly, we do not address that distinction.

■ It is well established that a guilty plea must be knowing, intelligent, and voluntary to be valid. *E.g., State v. Thornton*, 140 N.H. 532, 536 (1995). A guilty plea does not qualify as intelligent unless the defendant first receives "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quotations omitted). For a plea to be knowing, intelligent, and voluntary, the defendant must understand the essential elements of the crime to which he pleads guilty. *Thornton*, 140 N.H. at 537.

■ Which party bears the burden of proof when a defendant challenges the knowledge or volition of his plea depends upon the procedural posture of the appeal. *State v. Zankowski*, 140 N.H. 294, 296 (1995). If the defendant directly attacks his conviction, then the Supreme Court's decision in *Boykin*, 395 U.S. at 243, requires an affirmative showing on the record that he entered his guilty plea knowingly, intelligently, and voluntarily. *Richard v. MacAskill*, 129 N.H. 405, 407 (1987). "Without a record of the trial court's inquiry into the voluntary and knowing character of a defendant's decision, acceptance of his plea will be treated as plain error." *Id.* In a collateral attack, however, a defendant's claim of an inadequate record in violation of *Boykin* is not, without more, sufficient to trigger review, and proof of a silent record, alone, is insufficient to require reversal. *Zankowski*, 140 N.H. at 296. To successfully mount a collateral attack, "[t]he defendant must describe the specific manner in which the waiver was in fact involuntary or without understanding, and must at least go forward with evidence sufficient to indicate that his specific claim presents a genuine issue for adjudication." *Id.* If the defendant meets the initial burden, then the record's compliance with *Boykin* determines which party thereafter bears the burden of proof. *Richard*, 129 N.H. at 408. If the face of the record indicates that the trial court affirmatively inquired into the knowledge and volition of the defendant's plea, then the defendant will bear the burden "to demonstrate by clear and convincing evidence that the trial court was wrong and that his plea was either involuntary or unknowing for the reason he specifically claims." *Id.* On the other hand,

> [i]f there is no record or an inadequate record of the trial court's enquiries into the defendant's volition and knowledge, the burden rests on the State to respond to the defendant's claim by demonstrating to a clear and convincing degree that the plea was voluntary or knowing in the respect specifically challenged.

*Id.* (citations omitted).

■ Because Arsenault's motion to vacate was a collateral attack, he bore the initial burden to "describe the specific manner in which the waiver was in fact involuntary or without understanding" and to "at least go forward with evidence sufficient to indicate that his specific claim present[ed] a genuine issue for adjudication." *Zankowski*, 140 N.H. at 296. In his motion to vacate, Arsenault argued that he did not understand the elements of the offense charged against him, stating that his information regarding the plea came only from the prosecutor and that Arsenault did not, at any time, have any of the elements of the offense described to him by anyone. He further stated that, at the time he entered his plea, he was twenty years of age, had minimum schooling, and had consulted with no legal representative prior to appearing in court that day. Thus, Arsenault described the manner in which his waiver lacked understanding.

At the 2005 hearing on Arsenault's motion to vacate, the trial court allowed Arsenault to further comment on his motion if he wished. Both Arsenault and the State made legal arguments at the hearing. From a review of the transcript, it is clear that the parties and the court treated the facts alleged in Arsenault's pleading as "evidence" for purposes of satisfying the requirement that the defendant "at least go forward with evidence sufficient to indicate that his specific claim present[ed] a genuine issue for adjudication." *Id.* Neither in the trial court nor in this court has the State objected to that treatment. We note that, for a defendant to satisfy his initial burden of going forward, he need not persuade the trial court of his argument. His burden is to "describe the specific manner in which the waiver was in fact involuntary or without understanding" and to "at least go forward with evidence sufficient to indicate that his specific claim present[ed] a genuine issue for adjudication." *Id.* Accordingly, under the circumstances of this case, we conclude that Arsenault satisfied his initial burden.

■ The next step in the analysis is to determine whether the record complies with *Boykin*. The State concedes that the trial court did not advise Arsenault of the essential elements of the charged offense. Further, our review of the record reveals no indication that the trial court affirmatively inquired into the knowledge and volition of the defendant's plea. In the colloquy, the trial court told Arsenault that he was entitled to withdraw his plea and have a trial, that the division of motor vehicles could impose additional administrative penalties, and what penalties would accompany a subsequent DWI violation. The trial court, however, did not discuss the elements of the charged offense or the nature of that charge. Accordingly, the burden rests on the State to demonstrate to a clear and

convincing degree that the plea was voluntary or knowing in the respect specifically challenged. *Richard,* 129 N.H. at 408.

■ Before addressing whether the State demonstrated that the plea was knowing, intelligent and voluntary, we take this opportunity to remind the trial courts that a colloquy is constitutionally required when a defendant pleads guilty because the defendant forfeits not only the right to trial, but also the right to confront accusers as well as the right against self-incrimination. *State v. Foote,* 149 N.H. 323, 325 (2003). "Under *Boykin,* the trial judge is required to canvass the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences." *State v. Desbiens,* 117 N.H. 433, 435 (1977) (quotations and citation omitted). A trial court must be especially vigilant to ensure the knowing and voluntary nature of the defendant's plea when he is not represented by counsel. *Chandler v. State,* 300 N.E.2d 877, 880 (Ind. 1973); *State v. Mehuys,* 172 N.W.2d 131, 133 (Iowa 1970).

■ To support its contention that Arsenault's plea was knowing, intelligent and voluntary, the State first argues that the trial court could assume that Arsenault was aware of the essential elements of the offense charged. The State quotes part of our holding in *Thornton,* 140 N.H. at 537, in which we stated, "During the plea colloquy . . . the court need not inquire whether the defendant understands each element of the crime." The State's brief omits the next sentence of our holding, however, which states: "The court may assume that *defense counsel* routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Thornton,* 140 N.H. at 537 (emphasis added). Unlike the defendant in *Thornton,* Arsenault was not represented by counsel at his guilty plea. Further, the record in *Thornton* contained other evidence that the trial court considered, such as the defendant's argument at a prior hearing that focused upon the elements of the offense. There was no such additional evidence in the instant case. Accordingly, *Thornton* did not entitle the trial court in the instant case to assume that Arsenault understood each element of the charged offense.

■ The State next argues that a defendant's receipt of a complaint at any time prior to a plea colloquy is, in and of itself, adequate to inform him of the elements and nature of the charged offense. The cases cited by the State do not support its argument. Rather, these cases hold that, if a trial court reads an indictment aloud in open court in conjunction with a plea, such a reading is sufficient to notify a defendant of the nature of the charge when coupled with the defendant's competent acknowledgment that he understands the charge. *United States v. Delgado-Hernandez,* 420

F.3d 16, 26 (1st Cir. 2005); *United States v. Webb,* 403 F.3d 373, 379 (6th Cir. 2005). In the instant case, the trial court did not read the complaint aloud in court. Thus, the cases cited by the State do not support its argument.

■ The State further argues that Arsenault's signing of the acknowledgment and waiver of rights form was sufficient to allow the trial court to assume that Arsenault understood the elements of the offense charged. The State concedes that the trial court did not explain the elements to Arsenault and that he did not have a lawyer. It is clear from the record that, despite the trial judge's certification on the form that he conducted an examination of Arsenault concerning the plea, and that, based upon the examination, Arsenault understood the nature of the charge and the elements of the offense charged against him, there is nothing in the record to demonstrate that this examination took place. The form itself specifically requires that the trial court conduct such an examination. Therefore, the State's position that Arsenault's execution of the form was sufficient to allow the trial court to assume that he understood the elements of the offense is not supported by any case cited by the State and is facially inconsistent with the form itself.

■ We conclude that the State has failed to demonstrate by clear and convincing evidence that Arsenault's plea was knowing, intelligent and voluntary in the respect specifically challenged. *Richard,* 129 N.H. at 408. Acceptance of the plea thus violated Arsenault's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution. *Boykin,* 395 U.S. at 243.

*II. Harmless Error*

The State finally argues that, even if the defendant's plea was not intelligently and voluntarily made, such error was harmless beyond a reasonable doubt because the defendant would still have pled guilty if he had understood all elements of the charged offense.

Assuming without deciding that the harmless error standard applies to the instant case, we are not persuaded. The State bears the burden of proving that the error did not affect the outcome of the proceeding. *State v. Dupont,* 149 N.H. 70, 75 (2003). On the record before us, we conclude that the State has not met its burden.

*Reversed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.