Manchester District Court
No. 2006-946

# THE STATE OF NEW HAMPSHIRE

v.

## ROBERT OFFEN

Argued: September 13, 2007
Opinion Issued: November 15, 2007

*Kelly A. Ayotte*, attorney general (*Lucy H. Carrillo*, assistant attorney general, on the brief and orally), for the State.

*James T. Brooks*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. The defendant, Robert Offen, appeals an order of the Manchester District Court (*Lyons*, J.) denying his motion to vacate a prior conviction. We reverse and remand.

The following facts are supported by the record. In June 1993, the defendant, Robert Offen, was convicted in Hillsborough County Superior Court of aggravated felonious sexual assault. In October 1997, Offen was convicted in a Florida court of lewd, lascivious or indecent conduct with a minor. Consequently, he is required to report to and register with local law enforcement. RSA 651-B:4, I (Supp. 2005) (amended 2005, 2006). In June 2004, Offen was charged with failure to report. The complaint alleged that he knowingly failed to report his current mailing address, place of residence, or temporary domicile to the Manchester Police Department after being released from a Florida prison and establishing residency in Manchester.

At Offen's arraignment in June 2004, he appeared without a lawyer, indicated his intention to plead guilty and was provided with and signed an acknowledgement and waiver of rights form. Thereafter, the trial court engaged him in a plea colloquy. Offen pleaded guilty to failure to report contrary to RSA 651-B:4, I. The trial court sentenced him to 12 months in the house of corrections, six months suspended for two years.

In 2006, Offen moved to vacate his 2004 conviction on grounds that the acceptance of his plea violated his due process rights because he was denied sufficient notice of the true nature of the charged offense and because the complaint failed to state a crime. After a hearing, the trial court denied his motion because Offen did not establish that his specific claim presented a genuine issue for adjudication. On appeal, Offen contends that his plea was not knowing, intelligent and voluntary because he was never advised of an essential element of the offense charged; namely, that the statute afforded him thirty days in which to report upon his return to New Hampshire. Moreover, in the absence of any reference to the thirty-day time frame, Offen also urges that the complaint failed to state a crime.

The record suggests that Offen was homeless and living in a park at the time of his arrest. For purposes of this case, however, we assume that he became a New Hampshire resident at some point prior to his arrest. We decline to address the issue of whether a homeless individual has a "residence" within statutory definitions because Offen did not brief it or raise it before the trial court and, thus, did not preserve it for our review. *See In re Grand Jury Subpoena (Issued July 10, 2006)*, 155 N.H. 557, 559 (2007).

We review questions of statutory interpretation and constitutional questions of law *de novo. State v. Arsenault*, 153 N.H. 413, 415 (2006); *Town of Hinsdale v. Town of Chesterfield*, 153 N.H. 70, 72 (2005). In matters of statutory interpretation, "we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Lavoie*, 155 N.H. 477, 481 (2007) (quotation omitted).

 "[A] guilty plea must be knowing, intelligent, and voluntary to be valid." *Arsenault*, 153 N.H. at 416; *see Boykin v. Alabama*, 395 U.S. 238, 243 (1969). A defendant must receive "real notice of the true nature of the charge against him." *Arsenault*, 153 N.H. at 416 (quotation omitted). "For a plea to be knowing, intelligent, and voluntary, the defendant must understand the essential elements of the crime to which he pleads guilty." *Id.*

At issue is whether the failure to report within thirty days of establishing a New Hampshire residence is an element of RSA 651-B:4, I. RSA 651-B:4, I, specifies the elements that must be proven for the State to secure a conviction for failure to report. *See* RSA 651-B:9 (2004). At the time of Offen's alleged offense, June 1, 2004, RSA 651-B:4, I(a)(1) provided in part, as follows:

> Any person required to be registered under this chapter shall report such person's current mailing address, place of residence or temporary domicile, and place of employment or schooling to the local law enforcement agency *within 30 days after the person's release from custody following a conviction or within 30 days after the person's date of establishment of residence in New Hampshire if convicted elsewhere.*

RSA 651-B:4, I(a)(1) (Supp. 2005) (amended 2005, 2006) (emphasis added).

The legislature defines "[e]lement of an offense" to mean, in relevant part, "such conduct, or such attendant circumstances, or such a result of conduct as . . . [is] included in the definition of the offense." RSA 625:11, III(a) (1996).

The State argues that the thirty-day period is not an element of the offense because it is not included in the definition of the offense, but is simply one way to violate the statute. Alternatively, it urges that the thirty-day period, while possibly an element, must be a material element of the offense to be "essential." The State argues that the failure to report is the essential criminal act and likens the thirty-day component to a non-elemental grace period for offenders. We disagree.

█ The thirty-day period is included in the definition of the offense. Any individual who has a duty to report must do so within thirty days.

█ Having determined that the thirty-day reporting period is an essential element of the charged offense, we examine Offen's due process claim under the State Constitution, *State v. Ball*, 124 N.H. 226, 231 (1983), and cite federal opinions for guidance only. *Id.* at 232-33. In a collateral attack of a guilty plea, the defendant bears the initial burden and "must describe the specific manner in which the waiver was in fact involuntary or without understanding, and must at least go forward with evidence sufficient to indicate that his specific claim presents a genuine issue for adjudication." *Arsenault*, 153 N.H. at 416 (quotation omitted). If the defendant meets his initial burden, and if the record indicates that the trial court affirmatively inquired into the knowledge and volition of the defendant's plea, then the burden remains with the defendant "to demonstrate by clear and convincing evidence that the trial court was wrong and that his plea was either involuntary or unknowing for the reason he specifically claims." *Id.* (quotation omitted).

Alternatively, if there is no record or an inadequate record of the trial court's inquiries into the defendant's volition and knowledge, the burden shifts to the State to respond to the defendant's claim by demonstrating to a clear and convincing degree that the plea was voluntary or knowing in the respect specifically challenged. *Id.*

█ Offen carried his initial burden. In his motion to vacate, Offen stated that he appeared *pro se*, that he has a limited education and he did not understand that the State had to prove beyond a reasonable doubt that he failed to register after having a residence or temporary residence in New Hampshire for a total of thirty days. He testified that had he been aware of this element he would not have pleaded guilty. Accordingly, Offen satisfied his initial burden.

█ The next step in the analysis is to determine whether the trial court affirmatively inquired into the knowledge and volition of the defendant's plea. *Id.* The State concedes, and our review of the record indicates, that the trial court did not advise Offen of the thirty-day element of the charge.

During the plea colloquy, the trial court explained the elements contained in the complaint, including: that Offen acted knowingly; that he was subject to a duty to report his residence, having been convicted of a crime that required him to do so; and that being temporarily domiciled in the City of Manchester, he failed to report. The trial court, however, never informed Offen that the State had to prove beyond a reasonable doubt that thirty days had elapsed since he established residency in New Hampshire. Thus, the State carries the burden of demonstrating to a clear and convincing degree that the defendant's plea was voluntary or knowing in the respect specifically challenged. *See id.* at 418.

In an attempt to meet its burden, the State argues that Offen was sufficiently notified of the nature of the charge against him. In support of its contention, the State provides that the complaint was read aloud to Offen in court and the trial court discussed the elements of the charge in a plea colloquy. The record reveals, however, that both the complaint and colloquy failed to inform Offen of the thirty-day element.

Additionally, the State argues that Offen was aware of this element because its offer of proof along with an affidavit on file with the trial court established that Offen admitted to moving to New Hampshire in mid-April 2004, approximately forty-five days before the date of his arrest. The trial court, however, never explained to Offen that the State had to prove beyond a reasonable doubt that thirty days had elapsed since he established residency in New Hampshire.

■ We cannot conclude, in the case before us, that a reference to the date Offen moved to New Hampshire, without more, provided him with an understanding of the true nature of the charge against him. Thus, as a matter of law, we conclude that the State failed to carry its burden of demonstrating that Offen's plea was knowing, voluntary and intelligent in the respect challenged.

■ As such, the trial court's acceptance of Offen's plea violated his due process rights as guaranteed by Part I, Article 15 of the New Hampshire Constitution. Because the defendant prevailed under the State Constitution, we need not consider his claim under the Federal Constitution. *See Ball,* 124 N.H. at 237.

In its final argument, the State urges that even if Offen's plea lacked understanding or volition, such error was harmless beyond a reasonable doubt because the defendant would have pled guilty even if he understood all the essential elements of the charged offense. The record before us simply does not support such a finding. *See State v. Pseudae,* 154 N.H. 196, 202 (2006).

440

Given the result reached, we need not consider the defendant's argument that the complaint failed to state a crime. *State v. Horan*, 115 N.H. 35, 36 (1975); *State v. Laponsee*, 115 N.H. 56, 59 (1975).

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.