**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0201, <u>State of New Hampshire v. John J. Corcoran</u>, the court on July 27, 2017, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, John J. Corcoran, appeals an order of the Circuit Court (<u>DeVries</u>, J.) denying his motion to vacate his conviction for conduct after an accident. <u>See</u> RSA 264:25, I (2014). The defendant argues, among other things, that the trial court erred when it concluded that the defendant understood that one element of the offense is an accident resulting in damage to another's property, and, therefore, that his plea was made knowingly, intelligently, and voluntarily. We affirm.

The record supports the following facts. On July 29, 2015, the defendant was issued a complaint on the charge of conduct after an accident, <u>see</u> <u>id</u>., in which it was alleged that he had damaged another's vehicle and failed to stop and provide contact information. On August 19, the defendant appeared in the trial court for his arraignment on the charge. Pursuant to a plea bargain, the State agreed to reduce the classification of the offense from a class B misdemeanor to a violation, and the defendant agreed to plead guilty to the amended charge.

At the start of the hearing, the trial court explained to the defendant that the charge would be reduced to a violation, and asked him, "[Y]our plea is what, sir?" The defendant responded, "Guilty." The trial court asked the prosecutor whether there had been any damage involved in the accident, and the prosecutor responded in the affirmative. The following exchange then occurred:

> THE COURT: Yeah. You should likely - - you should not - - you should plead nolo. The reason being you had an accident. We don't know what the financial ramifications of that for you necessarily might be; whether insurance will cover; make a claim; what other things might happen. That's why we have a nolo plea for these situations.
>
> What that means is you're not admitting the charge; you're not denying the charge. You will accept a finding of guilty and the imposition of fine today on your - - on this particular charge

without compromising your right to argue facts as to liability and responsibility for damage amounts in any future potential claim.

THE DEFENDANT: Even though it seemed - - well, it seemed very minimal but that doesn't mean - - yeah, yeah.

THE COURT: Well, you never know.

THE DEFENDANT: Yeah. Okay.

THE COURT: And so this protects you to - -

THE DEFENDANT: Okay.

THE COURT: - - you know, not have someone say, well, you said you were guilty. I have that. And you're not saying you're guilty. You're saying, I accept responsibility for this matter, but I don't accept that I damaged your car to the tune of $35,000. Do you understand the diff - -

THE DEFENDANT: Yes.

After this exchange, the trial court asked whether the defendant had any questions, the defendant responded, "No," and the hearing concluded.

Subsequently, in January 2016, the defendant moved to vacate his conviction. He argued that his nolo contendere plea was not knowingly, intelligently, or voluntarily made, because he "did not understand [a] material element of the offence charged," namely, that there must be an accident resulting in damage to another's property. The trial court denied the motion, concluding that the issue of damage had been raised and discussed, and that they had engaged in a "clear exchange" regarding the benefits of a nolo contendere plea given the damage. This appeal followed.

On appeal, the defendant renews his argument that his plea was not knowingly, intelligently, or voluntarily made, as required by the State and Federal Constitutions, because one of the elements of the offense — the occurrence of an accident resulting in damage to another's property — was not explained to him. See RSA 264:25, I; see also RSA 259:1-a (2014) (defining "[a]ccident" as "any event that results in injury or property damage attributable directly or indirectly to the motion of a motor vehicle"). Because the State does not argue otherwise, we will assume, without deciding, that the offense requires that the damage be to property owned by another, as opposed to the defendant's own property. In addition, the defendant argues that the trial court's colloquy was legally inadequate, because the court did not ask him,

2

among other things, whether he "understood his constitutional rights and wished to waive them."

The State responds that the defendant's arguments are not preserved and that, regardless, the constitutional standards that the defendant invokes do not apply to a plea to a non-criminal, violation-level offense. See RSA 625:9, II(b) (2016) (stating that "[a] violation does not constitute a crime and conviction of a violation shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense"). We conclude that, even assuming that the defendant's arguments are preserved and that the due process rights that the defendant invokes attach to his plea, the defendant's arguments fail on the merits.

The defendant's arguments implicate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Part I, Article 15 of the State Constitution. See Boykin v. Alabama, 395 U.S. 238, 243 (1969); State v. Davies, 164 N.H. 71, 73-74 (2012). We first address the defendant's claims under the State Constitution and rely upon federal law only to aid our analysis. State v. Ball, 124 N.H. 226, 231-33 (1983). "Allowing withdrawal of a plea rests within the sound discretion of the trial court, and we will not set aside its findings absent an unsustainable exercise of discretion." Davies, 164 N.H. at 74. We review constitutional questions of law de novo. State v. Kinne, 161 N.H. 41, 46 (2010).

"A guilty plea must be knowing, intelligent, and voluntary to be valid." State v. Ortiz, 163 N.H. 506, 509 (2012) (quotation omitted) (applying same constitutional standards regarding guilty plea to nolo contendere plea). "Thus, a defendant must voluntarily waive his rights and fully understand the elements of the offense to which he is pleading, the direct consequences of the plea, and the rights he is forfeiting." Id. (quotation omitted). A guilty plea does not qualify as intelligent or voluntary unless "the defendant first receives real notice of the true nature of the charge against him." Davies, 164 N.H. at 74 (quotation omitted). "Therefore, prior to pleading guilty, the defendant must be informed of every essential element of the alleged offense and the court must determine that the defendant understands the charge." Id.

Where, as here, the defendant is bringing a collateral attack of his plea, the defendant bears the initial burden and must describe the specific manner in which his waiver of rights was "in fact involuntary or without understanding, and must at least go forward with evidence sufficient to indicate that his specific claim presents a genuine issue for adjudication." Ortiz, 163 N.H. at 509. If the defendant meets his initial burden, and if the record indicates that the trial court affirmatively inquired into the knowledge and volition of the defendant's plea, then the defendant has the burden to demonstrate by clear and convincing evidence that the trial court was wrong and that his plea was either involuntary or unknowing for the reason he specifically claims. Id. On

3

the other hand, if there is no record or an inadequate record of the trial court's inquiries into the defendant's volition and knowledge, the State has the burden to respond to the defendant's claim by demonstrating to a clear and convincing degree that the plea was voluntary or knowing in the respect specifically challenged. Id. at 509-10.

Here, the defendant has satisfied his initial burden. The defendant alleges that, at the time of his plea, he was self-represented and did not know that an element of the offense was an accident resulting in damage to another's property. Thus, the defendant described the specific manner in which his plea was not knowing, intelligent, or voluntary. See State v. Arsenault, 153 N.H. 413, 417 (2006) (concluding that defendant satisfied initial burden, where he alleged, among other things, that he did not understand elements of the offense, that the elements were never described to him by anyone, and that he had not consulted a legal representative).

We next determine whether the record establishes that the trial court "affirmatively inquired into the knowledge and volition of the defendant's plea." Ortiz, 163 N.H. at 509. In this respect, no particular form of procedure is necessary; rather, the question is whether there is "a basis on the face of the record for the original court's conclusion that the plea was voluntary and knowing." Richard v. MacAskill, 129 N.H. 405, 408 (1987). The defendant argues that the trial court made no such inquiry, while the State contends that the record establishes that the defendant "had a discussion with the court about the elements of accident and damage." We agree with the State.

We conclude that the record is sufficient to establish the defendant's understanding that one element of the offense is an accident resulting in damage to another's property. Specifically, after the prosecutor affirmed that the charged conduct involved damage, the court discussed with the defendant the benefits of tendering a plea of nolo contendere in light of the damage resulting from the accident. In that context, the court explained that, by tendering a plea of nolo contendere, the defendant would be "accept[ing] responsibility" for the offense but not "accept[ing] that [he] damaged [the] car to the tune of $35,000." When the trial court stated that the nolo plea would preserve the defendant's right to dispute "liability and responsibility for damage . . . in any future potential claim," the defendant responded that "it seemed very minimal" and affirmed that he understood the difference between the pleas. Later, the court gave the defendant an opportunity to ask questions and seek clarification, and the defendant stated that he had no questions. Given the substance of that discussion — which concerned the liability that the defendant could incur for damaging the vehicle of another — there is a basis on the face of the record for the original court's conclusion that, regarding the defendant's understanding of the element at issue, the plea was knowing, intelligent, and voluntary. Cf. State v. Thornton, 140 N.H. 532, 538 (1995) (considering fact that defendant was present at earlier hearing on motion to

4

dismiss, where <u>mens</u> <u>rea</u> element was at issue, to affirm trial court's conclusion that defendant understood <u>mens</u> <u>rea</u> element when he later pleaded guilty to offense).

Accordingly, the defendant had the burden in the trial court to demonstrate by clear and convincing evidence that his plea was either involuntary or unknowing for the reason he specifically claims. <u>Ortiz</u>, 163 N.H. at 509. At the hearing on the motion to vacate, the defendant asserted that he had a twelfth-grade education and limited experience in the criminal justice system, and that there was, in fact, no damage to the other vehicle. However, in light of the discussion between the trial court and the defendant at the time of his plea, these assertions are insufficient to compel a finding that his plea was not made knowingly, intelligently, or voluntarily. <u>Cf</u>. <u>Davies</u>, 164 N.H. at 77 (concluding that defendant's young age and limited prior history and experience with the criminal justice system did not compel finding that plea was unknowingly entered). Therefore, based upon the record before us, we are not persuaded that the trial court unsustainably exercised its discretion in denying the defendant's motion.

Nor are we persuaded by the defendant's alternative argument — that the trial court's colloquy was legally inadequate because the court did not question him regarding, among other things, whether he understood his constitutional rights and wished to waive them. In essence, the defendant is arguing that the trial court failed to establish a sufficient record, as required under <u>Boykin</u>, <u>see</u> <u>Richard</u>, 129 N.H. at 407 (discussing requirements of <u>Boykin</u>). However, even if we were to accept the defendant's assertion, he would not be entitled to relief. Where the defendant is bringing a collateral attack upon his criminal conviction, "the claim of an inadequate record in violation of <u>Boykin</u> is not, without more, a predicate for review, and proof of such a violation does not . . . require that a conviction be vacated." <u>Id</u>.; <u>see</u> <u>also</u> <u>State v. Zankowski</u>, 140 N.H. 294, 296 (1995).

Because the State Constitution provides at least as much protection as the Federal Constitution under these circumstances, <u>see</u> <u>Davies</u>, 164 N.H. at 77, we reach the same result under the Federal Constitution as we do under the State Constitution. Any issues that the defendant raised in his notice of appeal, but did not brief, are deemed waived. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

5