Merrimack
Nos. 2004-062
2004-206

CHRISTOPHER CROSBY

v.

WARDEN, NEW HAMPSHIRE STATE PRISON

Argued: February 17, 2005
Opinion Issued: March 23, 2005

*Michael J. Sheehan*, of Concord, on the brief and orally, for the petitioner.

*Kelly A. Ayotte*, attorney general (*Michael A. Delaney*, senior assistant attorney general, on the brief, and *Elizabeth A. Dunn*, assistant attorney general, orally), for the State.

NADEAU, J. The petitioner, Christopher Crosby, appeals a decision of the Superior Court (*Arnold*, J.) denying his habeas corpus petition. He also appeals the dismissal by the Superior Court (*Smukler*, J.) of his subsequent ineffective assistance of counsel claim. We reverse the order denying the petitioner's habeas corpus petition, and dismiss the appeal from the dismissal of his subsequent ineffective assistance claim as moot.

The record supports the following facts. On September 9, 1992, the petitioner pled guilty to two counts of felonious sexual assault. *See* RSA 632-A:3 (1996). The assaults occurred between February and September 1990. He received concurrent twelve-month sentences to the house of corrections, with all but ninety days suspended, and three years probation.

On September 14, 1992, the petitioner pled guilty to a burglary charge. *See* RSA 635:1 (1996). The burglary occurred in October 1991. He received a twelve-month house of corrections sentence with all but thirty days suspended. He also received probation and incurred fines and restitution obligations. The record does not indicate whether the burglary sentence was consecutive to or concurrent with the felonious sexual assault sentences. The record also does not indicate whether the house of corrections treated the sentences as concurrent or consecutive.

Between 1992 and 1996, the petitioner returned to court for at least two probation violations and one review hearing. In 1996, the petitioner pled true to another probation violation and entered into a sentencing agreement that specified for the first time that the burglary sentence was to run consecutively to the felonious sexual assault sentences.

In August 2003, the petitioner filed a petition for habeas corpus challenging for the first time the legality of the 1996 sentencing agreement. He argued that his sentences had been improperly converted from concurrent sentences to consecutive sentences. The trial court denied the petition, finding that the petitioner had waived the issue by both agreeing to the sentence in 1996 and failing to appeal it for seven years. In reaching this decision, the trial court assumed, but did not decide, that the original sentences had been concurrent. The trial court also denied the petitioner's motion to add a claim of ineffective assistance of counsel that

was based upon the fact that counsel negotiated the sentence in 1996. The petitioner then appealed to this court.

While his appeal was pending, the petitioner filed a second petition for habeas corpus asserting his ineffective assistance of counsel claim. The trial court dismissed it without prejudice, finding that it was premature in light of his pending appeal of the underlying illegal sentence issue. After he appealed this order, we consolidated both cases.

■ The State contends that the petitioner has waived his right to challenge the legality of the 1996 sentences by both agreeing to them and failing to seek review for seven years. We have previously held, however, that a defendant's failure to object to a sentence at the time of its imposition does not bar the later filing of an extraordinary writ. *See State v. Chesbrough*, 151 N.H. 105, 106 (2004).

At oral argument, we asked the State whether the case should be remanded for additional factual findings concerning the nature of the sentences imposed in 1992 if we determined that the petitioner's claim of error had not been waived. The State responded that a remand was unlikely to be helpful as there was little likelihood that additional information existed concerning the nature of the 1992 sentences. Moreover, we note that the State does not argue that the petitioner's delay in seeking review of his 1996 sentences resulted in any prejudice to it. Accordingly, we will determine the nature of the 1992 sentences based upon the record before us.

■ We have previously held that "[d]ue process requires a sentencing court to make clear at the time of sentencing in plain and certain terms what punishment it is exacting as well as the extent to which the court retains discretion to impose punishment at a later date and under what conditions the sentence may be modified." *State v. Burgess*, 141 N.H. 51, 52 (1996) (quotations, emphasis and ellipsis omitted). At the conclusion of a sentencing proceeding, a defendant and the society which brought him to court must know in plain and certain terms what punishment has been exacted by the court. *State v. Rau*, 129 N.H. 126, 129 (1987).

■ Consistent with this principle, we have held that "when a sentencing order, encompassing multiple counts or multiple indictments, is silent as to whether the sentences imposed on each count or each indictment are to run concurrently or consecutively, the presumption is that the sentences run concurrently." *Id.* at 130. We have further advised that, "[i]f, in its discretion, a sentencing court intends to impose consecutive sentences, it

must specifically state that intention in its order." *Id.* We see no reason to deviate from that reasoning in this case.

The State asserts that, in the absence of a controlling statute, we should adopt a presumption that sentences imposed for different crimes on different dates are to be served consecutively. Even if we were to assume that such a presumption applied, the procedural history of this case is sufficient to overcome any presumption of consecutiveness. Although the petitioner was sentenced on two different dates for the underlying offenses, the dates were less than a week apart and the trial judge imposing sentence was the same. Moreover, the sentencing order of September 9, 1992, specifically provided that the sentences imposed for the sexual assault charges were to commence at noon on September 14, 1992, the date of sentencing on the burglary charge.

Given the record before us and the absence of any language indicating that the sentences were to be served consecutively, we conclude that the sentences were to run concurrently. Therefore, the plea agreement in 1996 that converted the sentences into consecutive sentences was unlawful. *See State v. Burgess*, 141 N.H. at 54 (defendant cannot by agreement confer on court authority to impose illegal sentence). Accordingly, we reverse the order denying the petitioner's first habeas corpus petition and remand for entry of an order consistent with this opinion. In light of this holding, the appeal from the dismissal without prejudice of his second habeas corpus petition is moot.

> *In docket no. 2004-062, reversed and remanded; in docket no. 2004-206, appeal dismissed as moot.*

DALIANIS and DUGGAN, JJ., concurred.