Rockingham
No. 2008-788

## THE STATE OF NEW HAMPSHIRE

v.

## JEFFREY PEPIN

Argued: September 10, 2009
Opinion Issued: October 20, 2009

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Paul Borchardt*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DUGGAN, J. The defendant, Jeffrey Pepin, appeals an order of the Superior Court (*Nadeau*, J.) denying his motion for a new trial. We reverse and remand.

The defendant was convicted of first degree assault, second degree assault and criminal restraint. *State v. Pepin*, 156 N.H. 269, 271 (2007). The defendant appealed, and this court affirmed his convictions. *Id.* A more complete statement of the underlying facts is found in *Pepin*, 156 N.H. at 271-73.

The defendant then filed a petition for writ of habeas corpus/motion to correct illegal sentence, which the trial court treated as a motion for a new trial. In his petition, the defendant asserted that his trial counsel was ineffective for failing to: (1) protect his rights under the Double Jeopardy and Due Process Clauses of the State and Federal Constitutions; (2) object to the admission of his nolo contendere plea to a prior charge of criminal threatening in violation of New Hampshire Rules of Evidence 410 and 609(a); (3) object to testimony from his marriage counselor; (4) object to the

admission of the victim's 911 call; (5) move to suppress evidence obtained during a warrantless search of his home and object to its admission at trial; (6) object to the admission of certain evidence; and (7) fully investigate the victim's injuries.

The superior court made a number of rulings unfavorable to the defendant. First, the superior court refused to review the defendant's claim that his lawyer was ineffective for failing to raise his double jeopardy and due process claims. The court concluded that these claims were procedurally barred because the defendant could have but did not raise them in his direct appeal. The superior court also declined to review the defendant's arguments regarding Rule 410 or trial counsel's failure to object to the admission of certain exhibits for the same reason. Finally, the court ruled that the defendant's claims regarding the admission of his nolo contendere plea pursuant to Rule 609, the marriage counselor's testimony, the admission of the 911 tape, the warrantless search and the failure to fully investigate the victim's injuries lacked merit. The defendant appeals these rulings.

At the outset, we note that this is a discretionary appeal. *See* SUP. CT. R. 7(1)(B). Although the defendant listed several issues in his notice of appeal, we accepted only the issue of whether the trial court erred in concluding that the defendant's ineffective assistance of counsel claims based upon violations of double jeopardy and due process were procedurally barred because they were not raised on direct appeal. We hold that the trial court erred when it concluded the defendant's ineffective assistance of counsel claims were procedurally barred and the trial court should have decided those claims on the merits.

"When court action results in the loss of a constitutionally protected liberty interest, it may be collaterally attacked by way of petition for writ of habeas corpus after the time for direct appeal has expired." *Petition of Kerry D.*, 144 N.H. 146, 148 (1999). To obtain relief, the petitioner must show harmful constitutional error. *Bonser v. Courtney*, 124 N.H. 796, 808 (1984). Habeas corpus is not, however, "a substitute for an appeal," and "we have previously held that procedural defaults may preclude later collateral review." *Avery v. Cunningham*, 131 N.H. 138, 143 (1988).

In determining that the defendant was barred from raising the ineffective assistance of counsel claims based upon issues that he could have, but did not raise on direct appeal, the trial court relied upon *Avery*, 131 N.H. at 142-43. In *Avery*, as in this case, the defendant alleged multiple ineffective assistance of counsel claims in a petition for habeas corpus. *Id.* at 142. There, after we had previously affirmed the defendant's first degree murder conviction, *State v. Avery*, 126 N.H. 208, 209 (1985), the defendant

appealed the trial court's denial of his motion for a new trial and petition for habeas corpus. *Avery v. Cunningham*, 131 N.H. at 142 (1988). In that appeal, the defendant alleged that he was incompetent to stand trial and that the "trial court erred in failing to consider [his] incompetency claim within the context of his claims of ineffective assistance of counsel." *Id.* He also argued that trial counsel was ineffective in failing to preserve for appeal an issue concerning his right to confrontation. *Id.*

We held that the defendant was barred from raising the incompetency claim in his motion for new trial and petition for habeas corpus because he failed to raise the issue in his direct appeal. *Id.* at 142-43 (stating "since the petitioner had both knowledge of the issue and an opportunity to raise it properly before this court on direct appeal, but failed to do so, he has procedurally waived the issue for collateral review"). We went on to reject the defendant's claim that counsel was ineffective for failing to argue that he was incompetent because "it would be unwise to allow the petitioner to use a collateral proceeding alleging ineffective assistance of counsel as a means of circumventing the court's procedural requirements." *Id.* at 144. Relying upon that broad language, the superior court in this case ruled that Pepin could not raise double jeopardy and due process claims under the guise of an ineffective assistance of counsel argument.

The broad language in *Avery* has been undercut by subsequent decisions. *See Humphrey v. Cunningham*, 133 N.H. 727, 732-33 (1990). In *Humphrey*, the defendant filed a petition for writ of habeas corpus alleging that he was denied his right to effective assistance by counsel's failure to file a motion to dismiss for lack of a speedy trial. *Id.* at 729. We held that the petitioner's ineffective assistance claim was not procedurally barred. *Id.* at 732. We rejected the State's argument "that the petitioner's ineffective assistance of counsel claim should be summarily denied" because it could have been raised as part of the defendant's direct appeal of his conviction and reached the merits of the ineffectiveness claim. *Id.* at 732.

Indeed, in other cases this court has decided the merits of ineffective assistance of counsel claims on motions for new trial and petitions for writs of habeas corpus. *See State v. Fennell*, 133 N.H. 402, 405-12 (1990) (reversing denial of defendant's motion for new trial because trial counsel provided ineffective assistance); *cf. State v. Whittaker*, 158 N.H. 762, 767-75 (2009) (discussing merits of defendant's ineffective assistance of counsel claim in motion for new trial); *State v. Croft*, 145 N.H. 90, 91-95 (2000) (affirming denial of defendant's motion for new trial because trial counsel was not ineffective); *State v. Dewitt*, 143 N.H. 24, 29-32 (1998) (analyzing merits of defendant's ineffective assistance of counsel claim in motion for new trial); *State v. Veale*, 154 N.H. 730, 736 (2007) (staying defendant's

appeal while claims of ineffective assistance of counsel decided by superior court). Thus, the broad language of *Avery* has been significantly undermined so that claims of ineffective assistance of counsel based upon alleged trial errors are not procedurally barred by the failure to raise those errors on direct appeal.

Here, the trial court should have heard the merits of the defendant's ineffective assistance of counsel claims concerning due process and double jeopardy. Because the trial court decided the other ineffective assistance of counsel claims on the merits, it need not address them again.

After our order accepting his appeal, the defendant filed an assented to motion to add issue. We granted the motion and added the issue of whether the trial court erred in ruling that the defendant's claims that his sentences violated due process and double jeopardy were procedurally barred. Our subsequent review of the record revealed that the superior court did not rule on this issue and we decline to review it in the first instance. Accordingly, we remand for the trial court to address these claims.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, HICKS and CONBOY, JJ., concurred.