Coos
Grafton
Nos. 2009-569
    2009-691

THE STATE OF NEW HAMPSHIRE

v.

BERNARD KINNE

Argued: June 23, 2010
Opinion Issued: October 27, 2010

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Lisa L. Wolford*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DUGGAN, J. The petitioner, Bernard Kinne, appeals an order of the Superior Court (*Vaughan*, J.) denying his request for writ of habeas corpus. We affirm.

The parties do not dispute the following facts. In February 1999, a Grafton County grand jury indicted Kinne on a charge of conspiracy to commit robbery. The indictment alleged that Kinne:

> did commit the crime of Conspiracy to Commit Robbery, in that the Defendant did purposefully committed [*sic*] the crime of Robbery by agreeing with Jason Bridges and Rhiannon Richardson to commit the crime of Robbery at Pares Market and as an overt act in furtherance of the conspiracy, did gather masks

and items of clothing for use in said Robbery and did go to Pares Market with Jason Bridges and Rhiannon Richardson[.]

The indictment further stated that this alleged conduct was "Contrary to RSA 629:3[;] Conspiracy to Commit Robbery[;] Class A FELONY."

The indictment did not allege any of the additional facts required by statute to elevate the charge from a class B to a class A felony. Nonetheless, Kinne pleaded guilty to the class A felony charge in March 2000. At that time, both Kinne and his counsel signed an acknowledgment and waiver of rights form, in which Kinne agreed he was pleading guilty to a class A felony, for which "the maximum penalty is 15 years and the minimum penalty is 7½ years." The Grafton County Superior Court (*Burling*, J.) conducted a colloquy and accepted the plea agreement, sentencing the defendant to three to ten years in state prison, with two years of the minimum suspended, and five years of probation upon release. The defendant asked, and the State agreed, to waive the offer of proof at the plea and sentencing hearing. The court read the indictment aloud, but did not advise Kinne of the elements of class A felony robbery.

The defendant was subsequently paroled, but violated his parole. He then filed a *pro se* "Motion to Vacate and Resentence Defendant" in Grafton County in February 2009 while still serving the maximum sentence for the original crime. Kinne argued that the indictment did not allege any of the additional facts required by statute to elevate the charge to a class A felony. He further claimed that at the time of sentencing he "had not been aware of what the essential elements of the offense were," and that "his plea should be vacated because it was not entered into knowingly, voluntarily, and intelligently." Accordingly, he argued that he should have been sentenced for only a class B felony.

The Superior Court (*Vaughan*, J.) treated the motion as a petition for writ of habeas corpus because it was a collateral attack on the defendant's plea and sentence. The court ruled that the defendant had waived any challenge to the sufficiency of the indictment by failing to raise the issue either during the original superior court proceedings or on direct appeal. Although Kinne argued that he only recently discovered the defect in the indictment, the court determined that any alleged defect was evident on its face. Furthermore, the court found that if the defendant had challenged the indictment prior to the guilty plea, or even during a trial, the State could have re-indicted Kinne. Accordingly, the court held that Kinne had waived his claim.

Kinne subsequently filed a motion to reconsider, and on the same day, filed a petition for writ of habeas corpus in Coos County, where he was incarcerated, raising the same issues. The Grafton County Superior Court

denied the motion to reconsider. The Coos County Superior Court (*Bornstein*, J.) denied the petition for habeas corpus, ruling that the Grafton County decision controlled the outcome. The defendant then appealed both decisions, and we consolidated the two appeals.

On appeal, Kinne argues that his sentence constitutes a violation of his due process rights because it is greater than the maximum penalty for a class B felony. He asserts that the indictment was insufficient because it did not allege any aggravating factors necessary to elevate the charge to a class A felony. He contends that he can collaterally attack the sufficiency of the indictment because he only recently learned of the defect. He also contends he can collaterally challenge his guilty plea because it was invalid. Because we hold that Kinne waived any challenge to the sufficiency of the indictment and cannot meet the burden necessary to collaterally challenge his guilty plea, we affirm.

■ "When court action results in the loss of a constitutionally protected liberty interest, it may be collaterally attacked by way of petition for writ of habeas corpus after the time for direct appeal has expired." *Sleeper v. Warden, N.H. State Prison*, 155 N.H. 160, 162 (2007) (quotation omitted). However, habeas corpus is not a substitute for an appeal, and a procedural default may preclude later collateral review. *Avery v. Cunningham, Warden*, 131 N.H. 138, 143 (1988). Additionally, the United States Supreme Court has recognized procedural default as a bar to relief under federal writs of habeas corpus. *See, e.g., Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977).

Kinne argues he could not have attacked the sufficiency of the indictment on direct appeal because he was unaware of the defect until a "jail house lawyer" brought it to his attention. He contends, relying upon *Humphrey v. Cunningham, Warden*, 133 N.H. 727 (1990), and *Crosby v. Warden, N.H. State Prison*, 152 N.H. 44 (2005), that procedural default does not prevent a review of his claim.

We first addressed the application of the procedural default rule in *Avery*, where we held that the petitioner was barred from raising the issue of his competency by way of habeas corpus because he failed to raise the issue on direct appeal. *Avery*, 131 N.H. at 142-43. We reaffirmed the common law rule that habeas corpus is not a substitute for direct appeal, *id.* at 143, and also sought to prevent the petitioner from using "a collateral proceeding alleging ineffective assistance of counsel as a means of circumventing the court's procedural requirements." *Id.* at 144. We later declined to apply the procedural default rule in *Humphrey*, where the petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of counsel based upon his counsel's failure to file a motion to dismiss for lack

of a speedy trial. *Humphrey*, 133 N.H. at 729. In *Humphrey*, while the State argued that Humphrey's claim should have been denied because it could have been raised on direct appeal, we held that a petitioner "may collaterally attack a proceeding by filing a petition for writ of habeas corpus after the time for a direct appeal has expired, if he can establish a harmful constitutional error." *Id.* at 732.

Relying upon this language in *Humphrey*, Kinne argues that the defect in his indictment constitutes harmful constitutional error of which he was unaware during the timeframe for filing a direct appeal. However, we recently reconciled our holding in *Humphrey* with the application of the procedural default rule we announced in *Avery*. *See State v. Pepin*, 159 N.H. 310, 313 (2009) (rejecting the "broad language" of *Avery*). In *Pepin*, we determined that our subsequent decisions had undercut the holding in *Avery* and concluded that *"claims of ineffective assistance of counsel based upon alleged trial errors are not procedurally barred by the failure to raise those errors on direct appeal."* *Pepin*, 159 N.H. at 313 (emphasis added).

Kinne does not claim ineffective assistance of counsel, and nothing in *Humphrey* or *Pepin* abrogates the general rule that a petition for habeas corpus is not a substitute for a direct appeal. In fact, we have suggested that ineffectiveness claims are best brought in a collateral attack. *See State v. Veale*, 154 N.H. 730, 736 (2007) (describing a preference for collaterally reviewing a defendant's ineffective assistance of counsel claim rather than "prematurely" merging it with claims on direct appeal); *see also United States v. Brooks*, 125 F.3d 484, 495 (7th Cir. 1997) (explaining that an ineffective assistance of counsel claim brought for the first time on direct appeal is unlikely to "find any factual support in the trial record and an adverse determination on direct appeal will be res judicata in any subsequent collateral attack" (quotation omitted)); *Tarver v. State*, 15 So. 3d 446, 459 (Miss. Ct. App. 2009) ("On direct appeal, the record is typically not sufficient to support a claim of ineffective assistance of counsel; therefore, these claims are best brought when seeking post-conviction relief.") Accordingly, *Humphrey* is inapplicable to the defendant's claim.

Likewise, *Crosby* has no application to Kinne's claim. In *Crosby*, the petitioner pleaded guilty on September 9, 1992, to two counts of felonious sexual assault, and on September 14, 1992, to a burglary charge. *Crosby*, 152 N.H. at 45. On the felonious sexual assault charges, he received concurrent twelve-month sentences to the house of correction, and on the burglary charge, he received a single twelve-month house of correction sentence. *Id.* However, the record did not indicate whether the burglary sentence was consecutive to or concurrent with the sexual assault sen-

tences. *Id.* In 1996, the defendant pleaded true to a probation violation and his sentencing agreement specified for the first time that the burglary sentence was to run consecutively to the sexual assault sentences. *Id.* In 2003, Crosby filed a petition for writ of habeas corpus challenging the 1996 sentencing agreement for the first time. *Id.* While the State contended that the defendant waived his right to challenge the legality of the sentences by agreeing to them and failing to seek review for seven years, we held "that a defendant's failure to object to a sentence at the time of its imposition does not bar the later filing of an extraordinary writ." *Id.* at 46.

While a petitioner can collaterally challenge an illegal sentence, *see id.*, the parties do not dispute that a three to ten year sentence is permissible for a class A felony. We agree with the trial court that the defendant challenges only whether the indictment sufficiently charged a class A felony, as Kinne agreed to and received a legal sentence for a class A felony. Therefore, Kinne does not challenge the legality of his sentence and *Crosby* is inapplicable to his claim.

Kinne next argues he did not enter a valid plea because he was not advised of the essential elements of a class A felony. Therefore, he contends, his plea could not have been knowing, intelligent, and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *State v. Arsenault*, 153 N.H. 413, 416 (2006). The State responds that Kinne cannot meet the initial burden required to collaterally attack a guilty plea because he has not presented any evidence that his plea was unintelligent or involuntary. He cannot meet this burden, the State contends, because he was represented by counsel at the time of his guilty plea and both Kinne and his counsel signed an acknowledgment of rights form that plainly stated Kinne was pleading guilty to a class A felony.

As an initial matter, Kinne conflates the sufficiency of the indictment — the charging document — with his understanding of the elements of the crime to which he pleaded guilty. *See State v. Thornton*, 140 N.H. 532, 537 (1995). In determining whether Kinne's guilty plea was valid, we consider only whether he understood the elements of class A felony robbery.

█ Kinne's argument that his guilty plea was not knowingly, intelligently, and voluntarily made implicates the due process rights guaranteed by the Fourteenth Amendment to the United States Constitution. *Boykin*, 395 U.S. at 243. We review constitutional questions of law *de novo*. *Arsenault*, 153 N.H. at 415. Kinne did not unambiguously and specifically invoke a provision of the New Hampshire Constitution in his brief; accordingly, we address only his federal claim. *Id.*

█ A guilty plea is valid only if it is knowing, intelligent and voluntary. *E.g., Thornton*, 140 N.H. at 536. A plea is not knowing, intelligent, and

voluntary unless the defendant understands the essential elements of the crime to which he pleads guilty. *Id.* at 537. Therefore, prior to pleading guilty, "[t]he defendant must be informed of every essential element of the alleged offense and the court must determine that the defendant understands the charges." *Valencia v. United States,* 923 F.2d 917, 921 (1st Cir. 1991). A guilty plea cannot serve as "an intelligent admission of guilt" if the defendant did not have adequate notice of the charges against him or did not understand the charge. *Henderson v. Morgan,* 426 U.S. 637, 645 n.13 (1976).

■ To mount a successful collateral challenge to a guilty plea, "the defendant must describe the specific manner in which the waiver was in fact involuntary or without understanding, and must at least go forward with evidence sufficient to indicate that his specific claim presents a genuine issue for adjudication." *Arsenault,* 153 N.H. at 416 (quotation and brackets omitted). If the defendant meets this burden, the burden of proof going forward depends upon whether the trial court affirmatively inquired into the knowledge and volition of the defendant's plea. *Id.* If the face of the record indicates the trial court made the proper inquiry, the defendant will bear the burden "to demonstrate by clear and convincing evidence that the trial court was wrong and that his plea was either involuntary or unknowing for the reason he specifically claims." *Id.* (quotation omitted). However, if the trial court did not make the required inquiries, "the burden rests on the State to respond to the defendant's claim by demonstrating to a clear and convincing degree that the plea was voluntary or knowing in the respect specifically challenged." *Id.* (quotation omitted).

■ Because Kinne brought a collateral attack, he bears the initial burden. Kinne argues only that he was not advised of the elements of class A robbery, and, therefore, his plea does not constitute an admission of guilt to that crime. When accepting a guilty plea, a trial court has an obligation to make sure the defendant understands the essential elements of the crime with which he is charged. *See Thornton,* 140 N.H. at 537. However, the court may assume that "defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Id.* (quotation omitted); *see also State v. Allard,* 116 N.H. 240, 242 (1976) (noting that the court need not question defense counsel in detail to determine whether counsel's advice was correct). "Where a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty." *Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005).

■ Not only was the defendant represented by counsel, but both Kinne and his trial counsel signed an acknowledgment of rights form that stated he was pleading guilty to a class A felony. Kinne also acknowledged at his sentencing hearing that his attorney had advised him of the charges against him, and his attorney stated that he had gone over the acknowledgment of rights form with Kinne and was satisfied that Kinne understood his rights and knowingly relinquished them. *Compare Thornton*, 140 N.H. at 538 (finding plea to be voluntary and intelligent where both defendant and his counsel signed an acknowledgment of rights form), *with Arsenault*, 153 N.H. at 417 (finding that defendant had met his initial burden to challenge a guilty plea where he was unrepresented by counsel, he received information regarding the plea only from the prosecutor, and no one described any elements of the offense to him), *and State v. Offen*, 156 N.H. 435, 438 (2007) (finding that defendant met his initial burden where he appeared *pro se*, had a limited education, and testified that he did not understand an element of the crime). Kinne has never claimed that his trial counsel did not explain the elements of class A felony robbery. *See Henderson*, 426 U.S. at 647 (explaining it may be appropriate to presume that defense counsel routinely explains the nature of the offense in sufficient detail to the defendant, but declining to apply this presumption where the trial judge found as a fact that an element was not explained to the defendant). Moreover, Kinne declined the State's offer of proof at his sentencing hearing. Unlike in *Arsenault*, where the defendant provided specific facts describing why his plea was involuntary or without understanding, Kinne has done nothing more than claim he was not advised by the indictment or the court of the elements of class A felony robbery. Therefore, the petitioner has not alleged sufficient facts to meet his initial burden and trigger further review.

Finally, the State notes in its brief that even if a habeas petitioner fails to raise a claim on direct review, a court may address it if it falls within a narrow exception to the procedural default rule recognized by federal courts. Under this exception, a habeas petitioner must "demonstrate either 'cause' and 'actual prejudice' or that he is 'actually innocent.'" *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Kinne, however, does not argue that he fits within this exception. Therefore, we decline to address it.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, HICKS and CONBOY, JJ., concurred.