**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0698, <u>State of New Hampshire v. Trevor D. Glodgett</u>, the court on December 15, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Trevor D. Glodgett, appeals an order of the Superior Court (<u>McNamara</u>, J.) granting the State's motion to bring forward and impose a suspended sentence. We affirm.

The relevant facts follow. In August 2004, the defendant was indicted for two crimes: (1) burglary as a class B felony, <u>see</u> RSA 635:1 (2007) (amended 2014); and (2) receiving stolen property as a class B felony, <u>see</u> RSA 637:7 (2007). The burglary indictment alleged, in relevant part, that, on or about July 5, 2004, the defendant entered a certain Concord residence with the purpose of committing "the crime of theft therein." The receiving stolen property indictment alleged, in relevant part, that, on July 9, 2004, the defendant "retained [a] gold pocket watch," which was the property of the owner of the Concord home burglarized on July 5, knowing or believing that the watch had probably been stolen.

In April 2005, the defendant pleaded guilty to both charges. The State represents, and the defendant does not dispute, that before the trial court accepted the defendant's guilty plea, the State made the following proffer: that the victims of the burglary returned to their residence to find that it had been burglarized; that the defendant had been working at the residence before the burglary occurred; that the defendant's knife had been found in a closet in one of the residence's bedrooms; that a large number of items had been taken, including a watch; that while executing a search warrant of the defendant's home, the police found the defendant in possession of some of the stolen property, including the gold watch; and that the defendant subsequently confessed.

The defendant was sentenced to no more than five years and no less than two years in prison for the burglary charge and to no more than five years and no less than two and one-half years in prison for the receiving stolen property charge. The receiving stolen property sentence was suspended for 10 years, conditioned, in part, upon the defendant's continued good behavior.

In July 2014, the State filed a motion to bring forward and impose the suspended sentence because, in June 2014, the defendant had been convicted by a jury on one count of felony possession of a narcotic drug.  The defendant objected to the State's motion, arguing that his prior conviction for receiving stolen property violated RSA 635:1, IV, which provides:  "A person may not be convicted both for burglary and for the offense which it was his purpose to commit after the burglarious entry . . . unless the additional offense constitutes a class A felony."  The defendant argued that, pursuant to this statute, he should not have been convicted for both burglary "and for the class B felony that he intended to commit after the burglarious entry," and that his subsequent sentence was unlawful.  He asserted that, in effect, the burglary charge and the receiving stolen property charge constituted a single offense for which he could receive only a single conviction and sentence.  Although the defendant acknowledged that "[c]riminal sentencing orders . . . are meant to be final," he maintained that the court retained "jurisdiction over the sentence where there is a clerical error or the sentence is illegal or void."  See State v. Fletcher, 158 N.H. 207, 211 (2009) (observing that when a case "involves an illegal sentence, the trial court has the authority to reduce, modify or correct it at any time").  The trial court granted the State's motion and imposed a portion of the suspended sentence.  This appeal followed.

On appeal, the defendant argues that "RSA 635:1, IV bars [his] conviction on both burglary and a class B felony receiving stolen property for the items taken in the burglary" and that, therefore, the trial court "erred in imposing a portion of the suspended sentence on the receiving stolen property charge."  We conclude that, by knowingly, intelligently, and voluntarily pleading guilty to both the burglary with intent to commit theft charge and the receiving stolen property charge, the defendant has waived his right to raise this collateral challenge to his convictions on both charges.  See State v. Kinne, 161 N.H. 41, 46 (2010) (rejecting argument that the defendant's collateral challenge to his class A felony conviction, based upon an allegedly insufficient indictment, was permissible because it constituted a challenge to the legality of his sentence).  We note that the defendant does not challenge his guilty plea in this appeal.

Although a defendant cannot consent to an illegal sentence and may challenge the same in a collateral proceeding, see, e.g., State v. Moran, 158 N.H. 318, 320-21 (2009), that principle does not apply here.  The defendant does not challenge the legality of the terms of his sentences; he challenges the legality of his convictions.  The defendant does not argue that either the terms of his original sentence on the receiving stolen property charge or the terms of the later-imposed sentence exceeded the limits authorized by law or were otherwise illegal.  Rather, he asserts only that RSA 635:1, IV precluded his dual convictions for burglary with intent to commit theft and for theft by receiving stolen property.  To the extent that the circumstances of his offenses supported that argument, he waived such argument by entering into the plea

2

agreement.  The defendant waived this collateral challenge to his convictions by knowingly, intelligently, and voluntarily pleading guilty to both charges.

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**
