J-A06044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DYLAN JEFFREY WALTERS | |
| Appellant | No. 1470 MDA 2015, 1471 MDA 2015, 1472 MDA 2015 |

Appeal from the Judgment of Sentence Entered July 30, 2015
In the Court of Common Pleas of Huntingdon County
Criminal Division at Nos: CP-31-CR-0000625-2014, CP-31-CR-0000656-2014, CP-31-CR-0000626-2014

BEFORE:  LAZARUS, STABILE, and DUBOW, JJ.

MEMORANDUM BY STABILE, J.:                          **FILED JUNE 16, 2016**

Appellant, Dylan Jeffrey Walters, appeals from the July 30, 2015 sentence imposing an aggregate two to 10 years of incarceration for theft by unlawful taking, theft by deception, and two counts of corruption of minors.[1] We affirm.

Police charged Appellant with the aforementioned offenses in October of 2014.  On May 5, 2015, pursuant to a consolidated plea agreement, Appellant pled *nolo contendere* to one count each of theft by unlawful taking and theft by deception, and guilty to two counts of corruption by minors.

---

[1] 18 Pa.C.S.A. §§ 3921, 3922, and 6301, respectively.

Appellant filed a timely post-sentence motion on August 10, 2015,[2] and the trial court denied it the next day. Appellant filed this timely appeal on August 25, 2015. On August 26, 2015, the trial court directed Appellant to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On September 15, 2015, Appellant filed a Pa.R.A.P. 1925(b) statement that provided in relevant part:

> 1. This court erred in imposing [sic] sentence, by taking into consideration matters beyond the scope of [Appellant's] conduct, and imposing a sentence contrary to the goals and policies of this Commonwealth.

Appellant's Concise Statement of Errors, 9/15/2015, at ¶ 1.[3] The trial court was unable to discern the specifics of Appellant's challenge: "First, the record is silent as to what matters [Appellant] believes were considered 'beyond the scope of [Appellant's] conduct.'" Trial Court Opinion, 9/29/2015, at 1.

This Court has held that a vague concise statement results in waiver.

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague

---

[2] The tenth day after the trial court's July 30, 2015 sentence fell on Sunday, August 9, 2015. Thus, Appellant's August 10, 2015 post-sentence motion was timely.

[3] In paragraph 2, Appellant complained of the trial court's failure to give credit for time served. Appellant has abandoned that issue.

to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

***Commonwealth v. Reeves***, 907 A.2d 1, 2 (Pa. Super. 2006) (*quoting*

***Lineberger v. Wyeth***, 849 A.2d 141 (Pa. Super. 2006)), *appeal denied*,

919 A.2d 956 (Pa. 2007).

The questions Appellant presents in his brief are as follows:

1. Did the court below err by failing to properly and adequately weigh the Appellant's acceptance of responsibility for his conduct?

2. Did the court below err in basing its sentences on the actions of the Appellant's mother, even though those actions occurred after charges had been filed, and the Appellant had no apparent control over those actions?

3. Did the court below err by imposing sentences that were disproportionate to Appellant's conduct and unreasonably excessive?

Appellant's Brief at 9-10. The trial court was unable to anticipate any of these arguments in its opinion. Instead, it simply noted that it reviewed the presentence investigation report and imposed consecutive, standard guideline range sentences. Trial Court Opinion, 9/29/2015, at 2-3. Under these circumstances, Appellant has waived the issues presented in his appellate brief. ***Reeves***, 907 A.2d at 2.

Briefly, we note that Appellant's arguments would fail even if we addressed the merits. Appellant's first argument asserts that the trial court failed to take account of his acceptance of responsibility. A trial court's

failure to consider mitigating factors does not raise a substantial question for review. **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010).[4] Further, we observe that Appellant's brief undermines the factual predicate for this argument. The brief states Appellant believes he was not guilty of the theft offenses—he pled *nolo contendere*—because the allegedly stolen property was abandoned. Appellant's Brief at 19. Likewise, he argues a sentence of probation was appropriate because there were grounds to excuse or justify his conduct. Appellant's Brief at 26 (citing 42 Pa.C.S.A. § 9722(4)). In summary, Appellant's first argument fails to raise a substantial question, and his claim that he accepts responsibility appears dubious.

Appellant's second argument—that the trial court based its sentence on the actions of Appellant's mother (she accused police of harassing Appellant)—finds no support in the record. The trial court explained in its opinion that it based its standard range sentencing scheme on the circumstances of Appellant's offenses and the presentence investigation report.

---

[4] To obtain merits review of a challenge to the trial court's sentencing discretion, an appellant must present the issue in a timely-post sentence motion, file a timely notice of appeal, and include in his brief a Pa.R.A.P. 2119(f) concise statement of reasons relied upon for allowance of appeal explaining why his argument or arguments present a substantial question as to the propriety of the trial court's sentence. **Id.** at 170.

Finally, Appellant's claim that his standard range sentences are excessive fails to raise a substantial question. *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014). As we have already stated, the record confirms that the trial court was aware of the circumstances of Appellant's offenses and imposed standard range sentences based on Appellants' conduct. To the extent Appellant argues his sentence is excessive because the trial court imposed consecutive standard range sentences, he does not raise a substantial question under the circumstances of this case. *Id.* ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."). The record affords no basis for concluding the trial court's sentence is extreme under the circumstances of this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/16/2016